1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDDIE SALAZAR,

       Plaintiff,

   v.

A. SULLIVAN, et al.,

       Defendants.

_____/

CASE NO.   1:09-cv-02264-MJS (PC)

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

(ECF No. 6)

## ORDER

**I.**   **PROCEDURAL HISTORY**

      Plaintiff Eddie Salazar ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 31, 2009, Plaintiff filed his Complaint.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction on January 15, 2010.  (ECF No. 5.)  No other parties have appeared in this action.

      Pending before the Court is Plaintiff's motion titled "Order to Show Cause for

1

Preliminary Injunction" filed on April 9, 2010.  (ECF No. 6.)  It appears as a motion for injunctive relief combined with a proposed order requiring Defendants to show cause  why a preliminary injunction should not be issued against them.  The Court construes it as a motion for injunctive relief.

The Court notes that the motion is directed to Defendants Schwarzenegger and Cate, neither of whom are named as Defendants in the Complaint or otherwise made parties to this action.

The nature of the relief Plaintiff seeks in this motion is unclear.  Plaintiff complains of unnamed policies, his allegedly illegal confinement in secured housing (SHU), meaningless hearings, and a lack of due process, but he does not request any action from the Court regarding those issues.  The Court can only assume Plaintiff seeks an order prohibiting Defendants from following unnamed policies which result in his confinement in SHU, meaningless hearings, and lack of due process.

II.   **LEGAL STANDARDS**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for

2

preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be

3

extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

### III.   ANALYSIS

In the instant motion, Plaintiff's recitation of legal standards and conclusions fails to approach the legal prerequisites for issuance of an injunction.  To succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff has not met any of these requirements.   Other than asserting his belief that he likely will succeed on the merits, he says nothing about the facts of his case.  Although he states that he has suffered irreparable harm, he does not state how or what the harm is.  He does not address at all the equities or the public interest. Finally, as noted, he asks that individuals not party to the action and over whom the Court has no jurisdiction in this case, be enjoined.

Based on the foregoing, the Court finds that Plaintiff's motion for a preliminary injunction should be denied.  The Court recognizes that Plaintiff's Complaint, which is yet to be screened, also requests similar injunctive relief.  In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint.

////

////

4

1    Accordingly, it is HEREBY ORDERED that:

2        Plaintiff's Motion for Preliminary Injunction is denied.

3

4

IT IS SO ORDERED.

5

6   Dated:    January 7, 2011            /s/ *Michael J. Seng*

7                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27