# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SALAZAR, | CASE NO. 1:09-cv-2264-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| SULLIVAN, et al. | (ECF No. 12) |
| Defendants. | PLAINTIFF MUST FILE AMENDED COMPLAINT BY MARCH 16, 2012 |

Plaintiff Eddie Salazar ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's First Amended Complaint on December 5, 2011, found that it failed to state a cognizable claim, and Plaintiff was given leave to file a second amended complaint. (ECF No. 11.) Plaintiff filed a motion for an extension of time on December 21, 2011, that the Court granted on January 4, 2012. (ECF Nos. 12 & 13.) Plaintiff was to file his second amended complaint by February 7, 2012. (Id.) The February 7, 2012 deadline has passed, and Plaintiff has not filed a second amended complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

1  power to control their dockets and "in the exercise of that power, they may impose
2  sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
3  Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's
4  failure to prosecute an action, failure to obey a court order, or failure to comply with local
5  rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
6  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
7  (dismissal for failure to comply with an order requiring amendment of complaint);
8  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
9  prosecution and failure to comply with local rules).

10      Plaintiff has not responded to the Court's January 4, 2012 Order, even though the
11 February 7, 2012 deadline in the Order has passed. (ECF No. 13.)  Accordingly, no later
12 than **March 16, 2012,**  Plaintiff shall file a second amended complaint or show cause to
13 why his case should not be dismissed for failure to comply with a Court order and failure
14 to state a claim. Failure to meet this deadline will result in dismissal of this action.

18 IT IS SO ORDERED.
19 Dated:   March 1, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE