IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

EDDIE SALAZAR,

Plaintiff,

vs.

SULLIVAN, et al.,

Defendants.

_______________________________/

CASE No. 1:09-cv-02264-AWI-MJS (PC)

FINDINGS AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM

(ECF No. 26)

OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS

## I. PROCEDURAL HISTORY

On December 31, 2009, Plaintiff Eddie Salazar, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

This matter proceeds on Plaintiffs Second Amended Complaint (Sec. Am. Compl., ECF No. 20). Plaintiff seeks monetary, injunctive and declarative relief against Defendants T. Schwartz, M. Kalvelage, and E. Arnold, on a Fourteenth Amendment equal protection claim. (Order Cogniz. Claims, ECF No. 21.) Plaintiff, then a prisoner at

the California Correctional Institution at Tehachapi, California ("CCI"), alleges Defendants, members of the California Department of Corrections and Rehabilitation ("CDCR") Departmental Review Board ("DRB"), placed him in the Security Housing Unit (SHU) for an indeterminate term solely because he is Hispanic and treated him differently from similarly situated inmates.

Defendants Arnold and Schwartz filed a Fed. R. Civ. P. 12(b) Motion to Dismiss the action on September 17, 2012 (Mot. To Dismiss., ECF No. 26) for failure to exhaust administrative remedies and failure to state a claim. (Id. at 1:21-22.) Defendant Kalvelage has joined in the Motion to Dismiss. (Joinder, ECF No. 28.) Defendants notified Plaintiff of his rights, obligations and methods for opposing the Motion to Dismiss pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed Opposition to the Motion to Dismiss on October 17, 2012. (Opp'n to Mot. Dismiss.,ECF No. 27.) Defendants filed a Reply to the Opposition on October 24, 2012. (Reply, ECF No. 31.) The Motion is deemed submitted without oral argument and ready for ruling. Local Rule 230(l).

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges:

On December 5, 2006, he was assaulted by two inmates on the yard at CCI. Plaintiff appeared before CCI's Institutional Classification Committee ("ICC") on March 15, 2007. The ICC referred Plaintiff's housing determination to the DRB with the recommendation that Plaintiff be placed in the SHU for an indeterminate term. This recommendation was based on safety concerns and Plaintiff's refusal to accept placement on a Sensitive Needs Yard (SNY). Plaintiff disagreed with the ICC recommendation, arguing he had no safety concerns and could safely transfer to another facility's general population.

The DRB sent Plaintiff to the SHU for an indeterminate term on July 25, 2007.

Defendants are the DRB members responsible for this decision. According to Plaintiff, the Defendants reasoned that a SHU term was necessary because placing Plaintiff, an Hispanic, in the general population created the risk that, according to Hispanic prison culture and ideology, he would be tasked with committing an illegal act to regain favor with the Hispanic inmate population.

Plaintiff argues he has no documented history of gang activity and that Defendants' decision was based on the "[D]efendants['] general views of race characteristics" rather than a consideration of Plaintiff's behavior or security risk. (Sec. Am. Compl. at 10.) Plaintiff has observed that non-Hispanic inmates, otherwise similarly situated, were more often transferred to another general population facility rather than placed in the SHU for an indeterminate term.

Plaintiff continues to suffer adverse living conditions in the SHU and denial of privileges and opportunities reserved for the general population.

## III. LEGAL STANDARD

### A. Failure to State a Claim

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003–04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels–Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative remedies is necessary," and "demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

The CDCR has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted

within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1]

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 215; Wyatt, 315 F.3d at 1119. The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## IV. ARGUMENTS

### A. Defendants' Moving Argument

#### 1. Failure to State a Claim

Plaintiff's claim that he was placed in the SHU solely because he is Hispanic is rebutted by his earlier pleadings of race-neutral reasons. Fed. R. Civ. P. 11. Previously he alleged he was placed in the SHU because of his potential gang activity, disciplinary history, failure to volunteer information about illegal activity, failure to choose protective custody, and the possibility he would engage in illegal action to regain good standing with his peer group.[2] Thus, his allegation he received the SHU assignment because of his membership in a protected class (Hispanics) can not be taken as true.

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

[2] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).

2. Failure to Exhaust

Plaintiff did not file any inmate appeal of the July 25, 2007 DRB decision to approve his indeterminate SHU status. He did not exhaust any appeal to the third level of review before filing this lawsuit.

**B. Plaintiff's Opposition Argument**

1. Failure to State a Claim

Plaintiff was given leave to amend his prior pleadings. He amended with particularity regarding his equal protection claim, curing deficiencies noted by the Court without deviating from or contradicting the original facts.

The Second Amended Complaint supersedes prior pleadings and their more generalized allegations.

The Court screened and found cognizable the Second Amended Complaint's equal protection claim including allegations that the DRB attached significance to Plaintiff's race; Plaintiff has no gang history; the July 25, 2007 decision was race based; and Plaintiff was treated differently from similarly situated non-Hispanic inmates.

2. Failure to Exhaust

The DRB received this matter by referral from the ICC and per Title 15 regulations, its July 25, 2007 decision served as third level review. Cal. Code Regs. tit. 15 § 3376.1. No appeal from this July 25, 2007 decision was available to Plaintiff.

**C. Defendants' Reply Argument**

1. Failure to State a Claim

The race neutral allegations in Plaintiff's prior pleadings constitute admissions of fact for purposes of Rule 11 even though superseded by the Second Amended Complaint. The subsequent contrary allegations in the Second Amended Complaint may be stricken where false.

The DRB's proffered rationale, the possibility that Plaintiff might commit illegal

acts to regain good standing with his peer ground, is not limited to his possible Hispanic peers, but applies to any peer group. The term Hispanic as used here refers only to a gang affiliation. Thus DRB's rationale is not race based.

2. Failure to Exhaust

A DRB decision is non-appealable only where it involves a classification matter, there is an underlying inmate appeal, and the matter is referred to the DRB by the institution's head. Cal. Code Regs. tit. 15 §§ 3084.1, 3376.1.

The July 25, 2007 DRB decision was appealable because the ICC, not the warden, made the referral; and because the matter involved a "custody", not a "classification" matter.

## V. ANALYSIS

After carefully reviewing the record, the undersigned concludes that the instant motion to dismiss should be denied.

### A. Cognizability of Plaintiff's Equal Protection Claim

Defendants argue that Plaintiff's allegation of race-based assignment to the SHU is inconsistent with prior pleading admissions of a race neutral basis for the assignment. The Court screened Plaintiff's Second Amended Complaint for claim cognizability and issued a detailed order explaining the bases for its findings. (Order Cogniz. Claims, ECF No. 21; see 28 U.S.C. § 1915.) Considering allegations that Plaintiff's ethnicity alone made Defendants more likely to consider him a threat to institutional security and allegations that non-Hispanic inmates in similar situations were being transferred to more favorable housing status, the Court found a cognizable equal protection claim. (Order Cogniz. Claim at 5:10-26.)

Defendants argue that the foregoing allegations should be disregarded as sham under Rule 11 because they are inconsistent with allegations in prior pleadings. The allegations in the Second Amended Complaint could be read as suggesting potential

inconsistency, but they also can be viewed as reasonably consistent with prior pleadings. See Bradley v. Chiron Corp., 136 F.3d 1317, 1325 (Fed. Cir. 1998) (leave to amend granted on expectation of facts reasonably consistent with those already pled); PAE Government Services, Inc. v. MPRI Inc., 514 F.3d 856, 860 (9th Cir. 2007) ("[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading."). The prior pleadings do not contain admissions that Defendants acted solely with a non-racial motivation. The Court does not find pleading inconsistencies warranting disregard of the current claims.

(It is noted as well that Defendants do not address the disparate treatment allegations also previously found cognizable by the Court.)

The screening standard is the same standard which governs Rule 12(b)(6) motions. The Court determinated in its screening order that Plaintiff stated a cognizable equal protection claim both as to suspect class and disparate treatment. Defendants have not demonstrated any basis for reconsideration of that ruling.

Given that Defendants' motion fails to set forth any new or different grounds not previously considered, the Court declines to "rethink what it has already thought." Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09–392 LJO JLT, 2011 WL 902120, at *6 (E.D. Cal. Mar.15, 2011), quoting United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998).[3]

The undersigned recommends that Defendants' Motion to Dismiss for failure to

[3] A recitation of the facts set forth in Plaintiff's Second Amended Complaint and the Court's analysis may be found in the May 24, 2012 screening order. (ECF No. 21.)

state a claim be denied.

**B. Exhaustion of Administrative Remedies**

Defendants' argue Plaintiff did not file any inmate appeal of the July 25, 2007 DRB decision and so failed to exhaust his administrative remedies at the third level of review before filing this lawsuit.

It appears that decisions of the DRB which serve as the director's level decision are binding and conclude the inmate's departmental administrative remedy. Cal. Code Regs., tit. 15, § 3376.1; Brown v. Valoff, 422 F.3d 926, 930 (9th Cir. 2005), citing Cal. Code Regs., tit. 15, § 3084.1(a).

Section 3376.1 provides in pertinent part that referral to the DRB shall be made when:

> "An institution head believes a DRB level decision for placement of an inmate is required because of an unusual threat to the safety of persons or public interest in the case; e.g., commuted or modified death sentence or classification of an inactive gang member or associate."

Cal. Code Regs. tit. 15 § 3376.1(d)(3).

Here the ICC apparently referred Plaintiff's matter to the DRB on grounds stated in Section 3376.1 Nothing in the record suggests the ICC made, or could have made, this referral other than pursuant to Section 3376.1. The Court takes notice that the CDCR Departmental Operations Manual ("DOM") provides that "[t]he [DRB] serves as the final reviewing authority for classification issues when placement decisions are appealed to headquarters or when policy clarification is needed", DOM § 62010.10, "[d]ifferences of opinion not resolved by the Chief Deputy Warden shall be submitted to the Chief, Classification Services, in Departmental Review Board format for resolution." DOM § 62050.13.12.

Defendants' argument the July 25, 2007 decision was a custody decision rather

than a classification decision, and therefore not proper for referral, is unsupported and should be rejected for that reason. The classification of inmates includes involuntary placement in segregated housing. Cal. Code Regs. tit. 15 §§ 3375, 3376.

Significantly, Defendants have not demonstrated that Plaintiff was placed on notice of any need to (further) appeal the DRB's July 25, 2007 decision. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (inmate does not procedurally default, so as to fail to exhaust where not on notice of need to grieve a particular form of relief); Jones v. Plessas, 2011 WL 5593038 at *1 (E.D. Cal. 2011), citing Brown, 422 F.3d at 934–35 (a prisoner need not exhaust further levels of review once he has been reliably informed by an administrator that no more remedies are available). Defendants have not demonstrated, on the record before the Court on this motion, that Plaintiff failed to properly exhaust administrative remedies available to him arising from the DRB's July 25, 2007 decision.

The undersigned recommends that Defendants' Motion to Dismiss for failure to exhaust administrative remedies be denied.

## VI. CONCLUSIONS AND RECOMMENDATION

Defendants have not carried their burden of establishing Plaintiff's failure to state a cognizable equal protection claim and failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Accordingly, for the reasons stated above the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF No. 26) be DENIED. These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 1, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE