# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SALAZAR,<br><br>                    Plaintiff,<br><br>          v.<br><br>SULLIVAN, et al.,<br><br>                    Defendants. | Case No. 1:09-cv-02264-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 44)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants T. Schwartz, M. Kalvelage, and E. Arnold on an equal protection claim.

Before the Court is Plaintiff's Motion for Appointment of Counsel. He argues private counsel should be appointed because his ability to prosecute the case is limited by: high blood pressure, diabetes, depression and stress disorder and related medication, restricted access to the law library and legal assistance from other inmates, the complexity of issues presented and investigation and research, and his inability to afford private counsel.

1

1    **I.     LEGAL STANDARD**

2         Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

3    v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154

4    F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent

5    Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

6    Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances

7    the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).

8    Rand, 113 F.3d at 1525. However, without a reasonable method of securing and

9    compensating counsel, the Court will seek volunteer counsel only in the most serious and

10   exceptional cases. In determining whether "exceptional circumstances exist, the district

11   court must evaluate both the likelihood of success on the merits [and] the ability of the

12   [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues

13   involved." Id. Neither of these factors is dispositive and both must be viewed together

14   before reaching a decision on request of counsel under section 1915(d). Wilborn v.

15   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th

16   Cir. 2009).

17        The burden of demonstrating exceptional circumstances is on the Plaintiff. See e.g.,

18   Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional

19   circumstances for the appointment of counsel").

20   **II.     DISCUSSION**

21        Plaintiff has not supported the required exceptional circumstances. The Court can

22   not make a determination at this stage of the litigation that Plaintiff is likely to succeed on

23   the merits. The single equal protection claim in issue does not appear to be novel or unduly

24   complex. The facts alleged to date appear straightforward. The deadlines for discovery and

25   dispositive pretrial motions have passed.

26        Even if it is assumed that Plaintiff is not well versed in the law and that he has made

27   serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

28   This Court is faced with similar cases almost daily.

1   The papers filed by Plaintiff in this case continue to reflect an appreciation of the

2   legal issues and standards and an ability to express same adequately in writing. At present,

3   the Court is unable to find that, even considering Plaintiff's medical condition and treatment,

4   he is unable adequately to articulate his claim.

5   Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

6   **III.   ORDER**

7   Accordingly, for the foregoing reasons, Plaintiff's Motion for Appointment of Counsel

8   (ECF No. 44) is DENIED without prejudice.

9

10

11

12

13

14

15

16

17

18

19   IT IS SO ORDERED.

20   Dated:   __February 28, 2014__          /s/ *Michael J. Seng*

21   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).