# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SALAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SULLIVAN, et al.,<br><br>　　　　Defendants. | CASE No. 1:09-cv-02264-AWI-MJS (PC)<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO SEAL DOCUMENTS (ECF Nos. 42-9, 50)** |

On December 31, 2009, Plaintiff Eddie Salazar, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on the Second Amended Complaint's assertion of a Fourteenth Amendment equal protection claim. Plaintiff seeks monetary, injunctive and declarative relief against Defendants T. Schwartz, M. Kalvelage, and E. Arnold.

Pending before the Court is Defendants' request to submit under seal Exhibits B-E in support of their motion for summary judgment.

## I.     FACTUAL BACKGROUND

The action arose while Plaintiff was incarcerated at the California Correctional Institution at Tehachapi, California ("CCI"). Following a suspected gang assault on Plaintiff by two inmates and Plaintiff's refusal to accept Sensitive Needs Yard ("SNY")

housing, the CCI Institutional Classification Committee ("ICC") referred Plaintiff's housing determination to Defendant Dispute Resolution Board ("DRB") members, with the recommendation that Plaintiff be placed in the SHU for an indeterminate term. The Defendants sent Plaintiff to the SHU for an indeterminate term.

Plaintiff disagreed with the SHU housing assignment, arguing he had no documented gang activity or safety concerns and could safely transfer to another facility's general population. He claims Defendants sent him to the SHU because they believed his Hispanic race and culture would require him to carry out an act of violence to regain favor of other Hispanic inmates, and not because of Plaintiff's behavior or a security risk. This treatment differed from that accorded non-Hispanics. Plaintiff maintains SHU housing denies him inmate privileges and opportunities reserved for the general population.

Defendants have answered the Second Amended Complaint and moved for Summary Judgment. Defendants seek this Court's permission to file under seal confidential memoranda, Exhibits B through E, in support of their motion for summary judgment. Defendants' request to seal did not attach the Exhibits, describe their contents or explain why they should be filed under seal.

## II.    LEGAL STANDARD FOR SEALING DOCUMENTS

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right extends to pretrial documents filed in civil cases." *In re Midlan Nat'l Life Ins. Co. Annuity Sales Practices Lit.*, 686 F.3d 1115, 1119 (9th Cir. 2012). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring

disclosure. See *id.* at 1178–79.

The Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). That party must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179, quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate "compelling reasons" in favor of sealing. See *id.* at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179, citing *Foltz*, 331 F.3d at 1136. "In general, compelling reasons . . . exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*,

citing *Nixon*, 435 U.S. at 598.

Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598.

Here, the request to seal is filed in conjunction with a summary judgment motion, and the compelling reason standard applies.

### III. ANALYSIS

Defendants' request to seal must be denied on its face because Defendants have failed to comply with Local Rule 141. Local Rule 141(b) requires, in civil actions, that:

> [A]ll documents covered by the Request shall be either (1) e-mailed to the appropriate Judge or Magistrate Judge's proposed orders e-mail box listed on the Court's website, with the e-mail subject line including the case number and the statement: "Request to Seal Documents"; or (2) submitted on paper to the Clerk by hand delivery, by same-day or overnight courier, or by U.S. Mail; the envelope containing the Request, proposed order and documents shall state in a prominent manner "Request to Seal Documents . . . the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

The Court has not been provided with copies of the documents the Defendants want sealed, a sufficient description of them to enable the Court to determine if they should be sealed, or any compelling reasons why they should be sealed. The limited information in the declarations filed in support of the motion for summary judgment is not enough to justify the broad relief requested.[1]

---

[1] See Declaration of J. Tyree in Support, (ECF No. 42-5); Declaration of M. Kalvelage in Support (ECF No. 42-6).

Defendants moving papers suggest the documents they want sealed should be withheld from Plaintiff. If that is correct and Defendants wish to deny Plaintiff the opportunity to see and respond to the evidence Defendants want to rely on to defeat his case, they must, at the very least, provide some authority for doing so.

**IV.    ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED THAT Defendants' request to submit under seal Exhibits B-E in support of motion for summary judgment, (ECF Nos. 42-9, 50), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 9, 2014            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE