# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SALAZAR,<br><br>              Plaintiff,<br><br>       v.<br><br>SULLIVAN, et al.,<br><br>              Defendants. | CASE No. 1:09-cv-02264-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS (1) DENYING DEFENDANTS' REQUEST TO SEAL DOCUMENTS (ECF NO. 52), and, (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 42)<br><br>OBJECTIONS DUE IN FOURTEEN (14) DAYS |

## I.     PROCEDURAL HISTORY

On December 31, 2009, Plaintiff Eddie Salazar, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter proceeds on a Fourteenth Amendment equal protection claim seeking monetary, injunctive and declarative relief against Defendants T. Schwartz, M. Kalvelage, and E. Arnold.

On February 20, 2014, Defendants filed a motion for summary judgment

1   including a request to submit supporting evidence under seal.[1]   On April 3, 2014,

2   Plaintiff filed opposition to the summary judgment motion.   Defendants replied to the

3   opposition on April 10, 2014.

4       The motion to file documents under seal was denied without prejudice on

5   September 10, 2014.  Defendants renewed the motion on September 26, 2014.  Plaintiff

6   has not opposed the renewed motion to seal and the time for doing so has passed.

7   Local Rule 230(*l*).

8   **II.   FACTUAL BACKGROUND**

9       The action arose while Plaintiff was incarcerated at the California Correctional

10  Institution at Tehachapi, California ("CCI").

11      On December 5, 2006, Plaintiff was assaulted in the yard by two Hispanic

12  inmates armed with inmate-made weapons.   Plaintiff refused to provide information

13  about the assault to staff.   He also refused to accept Sensitive Needs Yard ("SNY")

14  housing.   The CCI Institutional Classification Committee ("ICC") suspected the attack

15  was carried out by Southern Hispanic (Sureños) gang associates and referred Plaintiff's

16  housing determination to Defendants, Dispute Resolution Board ("DRB") members, with

17  the recommendation that Plaintiff be placed in the Security Housing Unit ("SHU") for an

18  indeterminate term due to safety concerns.   On July 25, 2007, Defendants approved an

19  indeterminate SHU term for Plaintiff.

20      Plaintiff disagreed with SHU housing, arguing he had no documented gang

21  activity or safety concerns, and that he could safely transfer to another facility's general

22  population.   He claims Defendants sent him to the SHU because they believed his

23  Hispanic race and culture would require him to carry out an act of violence to regain the

24  favor of other Hispanic inmates, and not because of his behavior or any security risk.

25  Plaintiff also claims this treatment differed from that accorded non-Hispanics.

26      Plaintiff maintains SHU housing denied him inmate privileges and opportunities

27  
28  [1]  Pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), the Defendants notified Plaintiff of his rights, obligations and methods for opposing Defendants' motion.  (ECF No. 42-2.)

1  available to the general population.

2  **III.    DISCUSSION**

3      **A.    Legal Standard**

4      Any party may move for summary judgment, and the Court shall grant summary

5  judgment if the movant shows that there is no genuine dispute as to any material fact

6  and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a);

7  *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's

8  position, whether it be that a fact is disputed or undisputed, must be supported by (1)

9  citing to particular parts of materials in the record, including but not limited to

10 depositions, documents, declarations, or discovery; or (2) showing that the materials

11 cited do not establish the presence or absence of a genuine dispute or that the

12 opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P.

13 56(c)(1).  While the Court may consider other materials in the record not cited to by the

14 parties, it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco*

15 *Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

16     If the moving party meets its initial responsibility, the burden then shifts to the

17 opposing party to establish that a genuine issue as to any material fact actually does

18 exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

19     In attempting to establish the existence of this factual dispute, the opposing party

20 may not rely upon the denials of its pleadings, but is required to tender evidence of

21 specific facts in the form of affidavits, and/or admissible discovery material, in support of

22 its contention that the dispute exists.  Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586

23 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a

24 fact that might affect the outcome of the suit under the governing law, *Thrifty Oil Co. v.*

25 *Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002), and that the

26 dispute is genuine, i.e., the evidence is such that a reasonable jury could return a

27 verdict for the nonmoving party.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185

28 (9th Cir. 2006).  Summary judgment must be entered, "after adequate time for discovery

1   and upon motion, against a party who fails to make a showing sufficient to establish the

2   existence of an element essential to that party's case, and on which that party will bear

3   the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4       **B.   Arguments**

5           1.   Defendants' Arguments Are Summarized As Follows[2]

6       Plaintiff was placed in the SHU not because he is Hispanic, but rather because of

7   past gang connections and concerns for institutional safety and security.  The attack on

8   Plaintiff, a street gang member before incarceration, was by inmates associated with the

9   Southern Hispanics, a street gang controlled by the Mexican Mafia.

10      Inmates in bad standing with a gang, any gang, are known to engage in illegal

11  activities to regain good standing.   Plaintiff was on the "roll call" of the Southern

12  Hispanics.  He had a history of violence.  In making the housing decision, the ICC and

13  DRB relied on information in Plaintiff's central files, his refusal of SNY housing and his

14  failure to cooperate with investigators.  Prison regulations provide that an inmate who

15  could endanger the safety of others or the security of the institution be placed in the

16  SHU for an indeterminate term.[3]

17      The Defendants had not previously served together on a DRB and so had not

18  placed any inmate under comparable circumstances.   They made the placement

19  decision of Plaintiff without regard to race and based solely on their belief as to

20  Plaintiff's gang-related history and on established prison policy for dealing with

21  individuals, regardless of race, with such a history.

22      Conditions in the SHU, other than lack of physical contact with other inmates, are

23  equal to those in the general population.  The lack of physical contact is necessitated by

24  safety and security concerns.

25      Defendants are entitled to qualified immunity because they reasonably believed

26  _____

27  [2]  For the reasons discussed below, this summary does not include any argument based on evidence in
    documents Defendants sought to file under seal or any reference to such documents.  None were
    considered by the Court.

28  [3]  Cal. Code Regs. tit. 15 § 3341.5(c).

1   Plaintiff was a safety and security risk when, acting as the DRB, they approved his

2   indeterminate SHU term.

3              2.       Plaintiff's Arguments Are Summarized As Follows

4          In approving the indeterminate SHU term, Defendants were motivated by racial

5   stereotype, believing Hispanic prison culture and ideology would drive Plaintiff to

6   violence.   Plaintiff supports this contention by arguing that his disciplinary history

7   showed no documented gang activity and should not have been considered; the 2006

8   assault was not gang related; the gang activity allegations against Plaintiff were

9   exaggerations; and there are a disproportionate number of Hispanics housed in the

10  SHU.

11         Defendants also treated Plaintiff differently from other inmates who, in similar

12  circumstances, were transferred to other facilities away from their enemies.

13         Defendants are not entitled to qualified immunity because they denied Plaintiff

14  equal protection.

15         Plaintiff's incarceration in the SHU has deprived him of vocational opportunities

16  and contact visitation and stigmatized him before the parole board.

17     **C.    Discussion**

18              1.       Defendants' Motion To Seal

19         Defendants seek to file under seal their supporting Exhibits B through E.  They

20  claim these Exhibits, taken from Plaintiff's confidential file, include detailed information

21  about a prison gang and Plaintiff's alleged connection to it which, if disclosed, would

22  create a severe risk to the safety of other prisoners and to institutional security.  (Tyree

23  Decl., ECF No. 52-1 at ¶¶ 4-7.)  They are protected from disclosure by prison policy.

24  (Id., at ¶ 3.)

25         Plaintiff has not responded to Defendants' requests to seal.  He filed opposition

26  to Defendants' summary judgment motion without having had the benefit of reviewing

27  Defendants' confidential Exhibits.

28         The undersigned has not considered, and will not consider, evidence the

1    contents of which are concealed from Plaintiff.  *U.S. v. International Business Machines*
2    *Corp.*, 163 F.3d 737, 739 (2d Cir. 1998) (court is hesitant to rely on sealed evidence
3    whose contents are concealed).  To allow the documents to be filed under seal and
4    considered by the Court would deprive Plaintiff of the ability to confront and dispute
5    evidence used to defeat his claim.

6        This Court's prior order denying the seal request gave Defendants an opportunity
7    to provide compelling reasons for sealing the documents and authority for withholding
8    them from a Plaintiff facing a dispositive motion.  (See ECF No. 51 at 4:10-5:4.)
9    Defendants have provided neither.

10       Accordingly, Defendants' request to file under seal Exhibits B through E in
11   support of their instant motion for summary judgment should be denied.

12                    2.    Plaintiff's Opposition Procedurally Deficient

13       Plaintiff's opposition is untimely.  It was due March 17, 2014, but not filed until
14   April 3, 2014.  Local Rule 230(j).

15       Plaintiff also failed to include with his opposition the required separate statement
16   of facts admitting or denying each of Defendants' asserted facts and citing to competent
17   evidence supporting each denial.  Fed. R. Civ. P. 56(c); Local Rule 260(b).

18       It is appropriate to grant Defendants' motion on those grounds alone. As noted
19   below, full consideration of Plaintiff's substantive arguments and evidence would not
20   produce a different result.

21                    3.    Defendants' Evidentiary Objections

22       Defendants' object that Plaintiff's opposition declaration at paragraphs 5-9,
23   relating alleged conversations with other similarly situated inmates, lacks foundation
24   and contains hearsay and unsupported conclusions.[4]  (ECF No. 49 at 4:20-25).  There
25   is validity to these objections.  But, again, consideration of their content does not
26   change the outcome of this motion.

27

28   ────────────
     [4] Defendants cite to Federal Rules of Evidence 601-602, 802, 1002.

1          4.      No Equal Protection Violation

2          The Equal Protection Clause requires that persons who are similarly situated be

3    treated alike.    *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439

4    (1985).  A plaintiff can establish an equal protection claim by showing that the defendant

5    has intentionally discriminated against him on the basis of the plaintiff's membership in

6    a protected class, see, e.g., *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.

7    2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005), or that

8    similarly situated individuals were intentionally treated differently without a rational

9    relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562,

10   564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008);

11   *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)..

12         Equal protection claims are subject to a heightened standard of scrutiny when

13   they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or

14   when they involve a burden on the exercise of fundamental personal rights protected by

15   the Constitution.  *Cleburne*, 473 U.S. at 440. The heightened standard of strict scrutiny

16   requires the state to show that the classification is narrowly tailored to serve a

17   compelling government interest.   *Schuette v. Coalition to Defend Affirmative Action,*

18   *Integration and Immigrant Rights*, 134 S.Ct. 1623, 1649 (2014).

19         Prison regulations provide that a referral to the DRB shall be made when:

20         An institution head believes a DRB level decision for placement of an
           inmate is required because of an unusual threat to the safety of persons or
21         public interest in the case; e.g., commuted or modified death sentence or
           classification of an inactive gang member or associate.
22

23   Cal. Code Regs. tit. 15 § 3376.1(d)(3).

24         Defendants have presented competent evidence that their approval of Plaintiff's

25   indeterminate SHU term was based on safety and security concerns.   (Undisputed

26   Material Fact ("UFM") Nos. 18, 19, 30.)  Plaintiff was convicted of two murders. (UFM

27   No. 1.)  He had been found guilty of rules violations, including possession of a weapon,

28   fighting and battery on a peace officer.  (UMF No. 28.)

1   Defendants believed that Plaintiff's central file (UMF Nos. 22, 25) and disciplinary

2   history (UMF No. 28) reflect an association with the Southern Hispanics.  (UMF Nos. 11,

3   25.)  The assault upon him involved the Southern Hispanics.  (UMF Nos. 2, 4-8, 10, 18,

4   22, 25.)   He was attacked shortly after prison staff received a warning that a gang

5   leader had authorized a stabbing in Plaintiff's housing unit.  (Kalvelage Decl. at ¶ 8.)

6   The attack appeared to be gang related because it involved inmate made weapons and

7   was coordinated to take place simultaneously with another attack in the yard.  (UMF

8   Nos. 2, 4-8, 10.)  Plaintiff and the others involved in the incident refused to provide

9   statements to investigators, consistent with fear of gang reprisal.  (UMF Nos. 9, 16.)

10   Plaintiff provides no competent evidence contradicting the forgoing or the validity

11   of Defendants' reasoning arising from it.  Instead Plaintiff relies upon an inference of

12   race based discrimination and disparate treatment unsupported in the record before us.

13   See *E.E.O.C., v. Boeing Co.*, 577 F.3d 1044, 1050 (9th Cir. 2009) (inferences arising

14   from direct evidence may constitute proof for purposes of summary judgment provided

15   they are "specific and substantial", not merely speculative).

16   Plaintiff does not dispute his association with the Southern Hispanics prior to the

17   assault.  Indeed, his opposition suggests he continued to associate with them even after

18   Defendants issued their DRB decision.  (ECF No. 48 at 23-24.)  Plaintiff makes no

19   showing that Defendants considered the Southern Hispanics to be a racial or ethnic

20   group rather than a street gang.  (UMF Nos. 11, 12.)  Gang membership alone is not a

21   suspect class. *Allen v. Hubbard,* 2011 WL 6202910 at *4 (C.D. Cal. October 12, 2011).

22   Placement of an inmate in the SHU on grounds of an unusual threat to institutional

23   safety is appropriate.  (See Kalvelage Decl., ECF No. 42-6 at ¶ 12; Cal. Code Regs. tit.

24   15 § 3341.5(c)).  Plaintiff's declaration and attached central file documents (see ECF

25   No. 48 and Ex.'s A-D thereto) do not suggest Defendants were motivated by race, but

26   rather that they applied case factors in a manner consistent with prison regulations.

27   See Cal. Code Regs. tit. 15 §§ 3341.5, 3375.2, 3376.1.

28   Even if, as Plaintiff attests, inmate assault victims of various races were

transferred to other facilities, there is no basis to find Defendants were involved in these unspecified transfer decisions or that the failure to transfer Plaintiff shows a racial animus. (Pl.'s Dep. 97:13-20; ECF No. 48 at ¶¶ 5-9.)  Plaintiff, in his opposition, states that he requested evidence of these alleged third party transfer incidents be forwarded for review by the Presiding Judge.  (Id. at ¶ 9.)  They were not, and they are not before the Court.  Plaintiff does not request a Rule 56(d) continuance.

Plaintiff casts as racial stereotyping Defendants' expressed concern that prison gang culture might lead him to commit illegal acts were he not housed in the SHU.  (See UMF Nos. 17, 34-35.)  He states Defendants were motivated by "Hispanic ideologies [and] prison culture" or "inclinations of race based consensus."  (ECF No. 48 at 49:8.)  However, Plaintiff conceded in his deposition that there is a "good possibility" that gang members of any race who are "on the outs" and housed in the general population may try to help the gang to regain their good standing. (Pl.'s Dep. 95:21-96:22.) Thus, Plaintiff essentially conceded that Defendants' concerns would be equally applicable to non-Hispanic gang members.

Where, as here, the common name of a group or gang incorporates the perceived nationality of its members, one of course may question whether an action, such as that here, was motivated by discriminatory animus against that nationality or instead by other factors peculiar to the gang or the individual being acted upon. However, such questions are insufficient to withstand a motion for summary judgment. See *Escalante v. Hubbard*, No. C-10-1583 RS (PR), 2010 WL 4916404, at *5 (N.D. Cal. 2010) ("[T]he discussion of 'Northern Hispanics' at the disciplinary hearing had to do with the name of [the] gang, not with a broad racial category."), *cited with approval in Baker v. Kernan*, 795 F. Supp. 2d 992, 994 (E.D. Cal. 2011). Here, Defendants' submit sworn declarations to the effect that their actions were taken because of facts peculiar to Plaintiff and the group to which he belonged.  Plaintiff was required to respond with "evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that [Defendants'] decision was racially motivated." *Serrano v. Francis*, 345

1  F.3d 1071, 1082 (9th Cir. 2003) (quoting *Bingham v. City of Manhattan Beach*, 329 F.3d

2  723, 732 (9th Cir. 2003)). He did not. Instead, his argument appears based upon

3  speculation unsupported by evidence in the record. Plaintiff did not attend the DRB

4  proceedings. (UMF No. 20.) He has never communicated with Defendants. (Id.) He

5  does not know what the Defendants discussed in reaching their decision. (UMF No.

6  21.) Further, he acknowledges that Defendants acted upon consideration of institutional

7  safety and security. (UMF No. 31.) He also concedes that inmates in bad standing with

8  a gang, regardless of race, may engage in illegal activities to regain good standing.

9  Pl.'s Dep. 95:23-96:22.

10      Plaintiff's opposition declaration suggests that Defendants exaggerated his

11  disciplinary history and gang association, but he identifies no evidence to support that

12  claim. (See ECF No. 48 at ¶¶ 11-12.) A party cannot create a genuine issue of material

13  fact merely by making assertions in unverified points and authorities. Fed. R. Civ. P.

14  56(c)(4); *Helmich v. Kennedy*, 796 F.2d 1441, 1443 (11th Cir. 1986) (statements in

15  unverified brief not competent evidence); cf., *Johnson v. Meltzer*, 134 F.3d 1393, 1399

16  (9th Cir. 1998) (statements in verified opposition to summary judgment found to be

17  competent evidence).

18      Finally, Plaintiff claims that similarly situated, non-Hispanic inmates were

19  transferred to a different institution rather than given the SHU. (See ECF No. 48 at ¶¶

20  5-8.) However, this alleged disparate treatment of Hispanic inmates is insufficient to

21  meet Plaintiff's burden on a motion for summary judgment. Even accepting this

22  allegation as true, official action is not unconstitutional solely because it results in a

23  racially disproportionate impact. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*,

24  429 U.S. 252, 264 (1977). Proof of racially discriminatory intent is required, and

25  disparate treatment will suffice to establish intent only where there is a "clear pattern,

26  unexplainable on grounds other than race." *Id.* at 266. Such is not the case here.

27      In sum, Plaintiff does not provide any competent evidence Defendants were

28  motivated by his Hispanic race and characteristics, rather than the factors cited by

1   Defendants in their July 25, 2007 decision approving the indeterminate SHU term.

2   (UMF No. 33.)

3              5.      Qualified Immunity

4          Government officials enjoy qualified immunity from civil damages unless their

5   conduct violates "clearly established statutory or constitutional rights of which a

6   reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

7          Plaintiff argues that Defendants, by virtue of their high stature within the CDCR,

8   should have known of a possible violation of Plaintiff's rights.  However, for the reasons

9   stated, Defendants have demonstrated the absence of any constitutional violation.

10         Accordingly, Defendants are entitled to qualified immunity from damages.

11  **IV.    CONCLUSIONS AND RECOMMENDATIONS**

12         The undersigned concludes that: Defendants did not comply with the Court's

13  order to provide authority for withholding from Plaintiff supporting evidence covered by

14  their sealing request; Plaintiff's opposition was not timely filed and does not include an

15  opposing separate statement of fact; Defendants' objections to Plaintiff's opposing

16  declaration were not reached given Plaintiff's pro se status; Plaintiff's evidentiary

17  showing is insufficient to establish a factual dispute as to discrimination and qualified

18  immunity; and Defendants have shown entitlement to judgment on the equal protection

19  claim and qualified immunity defense.

20         Based on the foregoing, it is HEREBY RECOMMENDED that (1) Defendants'

21  September 26, 2014 request to seal documents (ECF No. 52) should be DENIED, and

22  (2) Defendants' February 20, 2014 motion for motion for summary judgment (ECF No.

23  42) should be GRANTED.

24         These Findings and Recommendations will be submitted to the United States

25  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

26  636(b)(l).   Within fourteen (14) days after being served with these Findings and

27  Recommendations, the parties may file written objections with the Court. The document

28  should    be    captioned    "Objections    to    Magistrate    Judge's    Findings    and

1   Recommendations."

2          A party may respond to another party's objections by filing a response within

3   fourteen (14) days after being served with a copy of that party's objections.

4          The parties are advised that failure to file objections within the specified time

5   may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839

6   (9th Cir. 2014), citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

7

8   IT IS SO ORDERED.

9          Dated:   January 16, 2015          /s/ *Michael J. Seng*

10                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28